```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID DUPREE, on behalf of Debra          :
Lachelle Dupree,

                    Plaintiff,            :

          v.                              :
                                                      MEMORANDUM AND ORDER
COMMISSIONER OF SOCIAL SECURITY,          :
                                                         18-CV-7569 (AJN) (KNF)
                    Defendant.            :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
```

**PLAINTIFF'S MOTION**

On September 11, 2019, the court awarded the plaintiff attorney's fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,900. See Docket Entry No. 26. Before the Court is the plaintiff's motion for attorney's fees in the amount of $33,607.25, pursuant to 42 U.S.C. § 406(b). The plaintiff asserts that the amount requested represents 25% of the retroactive benefits awarded to the plaintiff. Upon receipt of the requested amount, the plaintiff will remit the previously awarded fee under EAJA. According to the plaintiff, if the requested fee amount is approved, it would result in a *de facto* hourly rate of $1,105.50, based on 30.40 hours of work expended in this case. Multiple courts have found that an even higher hourly rate does not represent a windfall for the plaintiff. In deciding to appeal the administrative decision, counsel chose to bear the risk of non-payment in the event the appeal was unsuccessful. By entering into an agreement for fees of up to 25% of the past due benefits, counsel and the plaintiff agreed that a failure to obtain benefits would result justly in no payment to counsel. On the other hand, an award of benefits would be worth payment of no more than 25% of any benefits obtained. According to the plaintiff, "[t]o evaluate

1

the reasonableness of the fee by translating it into an hourly wage is inimical to the very nature of contingent fee arrangements." The plaintiff contends that 25% of the past due benefits is permitted by the statute and represents a fair price to pay for the services resulting in an award of benefits. Moreover, the request for fees is timely, as counsel was informed of the amount of benefits withheld for the payment of attorney's fees in a notice dated March 8, 2021. In support of the motion, the plaintiff submitted a declaration by his attorney Daniel Berger ("Berger") with Exhibit A ("a retainer agreement authorizing the undersigned to appeal the denial of Social Security benefits to the United States District Court"), Exhibit B (documents showing that "$373.92 was deducted from [$5,900 in attorney's fees under EAJA] to pay for Ms. Dupree's State Tax Obligations debt"), Exhibit C ("a schedule of [Berger's] hours") and Exhibit D ("a notice from the Social Security Administration dated March 8, 2021, which indicates that $33,607.25 is being withheld from the claimant's past due benefits for the payment of attorney's fees").

## DEFENDANT'S RESPONSE TO THE MOTION

The defendant asserts that the March 8, 2021 Social Security Agency's Notice of Award indicates that $33,607.25 sought by the plaintiff's counsel is not greater than 25% of the past-due benefits, and no evidence exists of fraud or overreaching in connection with the fee request. The defendant contends that courts have awarded an hourly rate in the range sought by the plaintiff but also reduced an hourly rate in this range where they found it was appropriate to do so. The plaintiff's counsel acknowledges that he must remit previously awarded fee under the EAJA, but "incorrectly indicates that he was awarded $5,526,08 in EAJA fees." The motion is timely.

**PLAINITFF'S REPLY**

The plaintiff asserts that the cases in which courts reduced the hourly rates are distinguishable from this case, including where reduction was warranted because: (i) counsel never drafted a memorandum of law in support of a motion, as the case was remanded by stipulation prior to a brief being prepared for the case; and (ii) the time expended on the memorandum of law resulted in no appreciable benefit for the plaintiff, as the case was remanded based on the defendant's motion prior to counsel expending any significant work on the case. Counsel in this case filed a motion for judgment on the pleadings supported by a memorandum of law. In other cases, for example, fees were reduced because counsel did not request fees under EAJA, which would offset any later award of fees under 42 U.S.C. § 406(b) and benefit the plaintiff by paying less overall in attorney's fees, counsel did not make citation to any caselaw supporting awards similar to the one requested and counsel billed inappropriately multiple hours for brief administrative tasks, none of which is the case here. The plaintiff contends that $373.02 of the EAJA fee award were offset by the claimant's federal debt. Therefore, counsel received only $5,526.08 in EAJA fees. The plaintiff already received the benefit of $373.92 of the EAJA fees, as that money has gone towards the claimant's federal debt. Counsel should only be required to refund $5,526.08 in EAJA fees, the amount actually paid to counsel in connection with this case.

**LEGAL STANDARD**

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case

3

> of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.A. § 406(b)(1)(A).

"Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828 (2002). In determining whether the fee is reasonable, courts consider whether: (i) "the contingency percentage is within the 25% cap"; (ii) "there has been fraud or overreaching in making the agreement; and (iii) "the requested amount is so large as to be a windfall to the attorney." Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186. "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

Gisbrecht. 535 U.S. at 796, 122 S. Ct. at 1822.

**APPLICATION OF LEGAL STANDARD**

Upon review of the parties' submissions concerning the motion and the evidence in support of the motion, the Court finds that the fee requested is within the statutory limit, no fraud or overreaching exists in making the fee agreement between the plaintiff and his counsel and the requested amount is not so large as to be a windfall for the attorney. The plaintiff's EAJA award of $5,900 was reduced to $5,526.08 because $373.92 was applied by the United States Department of the Treasury to pay the plaintiff's delinquent debt owed. The Court finds that the fee request in the amount of $33,607.25, pursuant to 42 U.S.C. § 406(b), is reasonable, and the

4

plaintiff's motion, Docket Entry No. 27, is granted.  The plaintiff is entitled to $33,607.25 in attorney's fees, and the plaintiff's attorney shall refund to the plaintiff $5,526.08, the money received pursuant to an award of attorney's fees under 28 U.S.C. § 2412.

Dated: New York, New York
      September 15, 2021

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE